1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| **ERNEST EDWARD SMITH,** | Case No. 1:15-cv-00565 MJS (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS** |
| v. | **[Doc. 9]** |
| **JOHN N. KATAVICH,** | **ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT COURT JUDGE TO THE INSTANT MATTER** |
| Respondent. | |

17

18          Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by

20   William K. Kim, of the Office of the Attorney General for the State of California.

21   **I.      BACKGROUND**

22          Petitioner is currently in the custody of the California Department of Corrections

23   pursuant to a judgment of the Superior Court of California, County of Fresno, following

24   his May 30, 2012 conviction of two counts of assault with a firearm and possession of a

25   firearm by a felon. (<u>See</u>, Mot. to Dismiss, Ex. A.) Several enhancements also were found

26   true, including use of a firearm and infliction of great bodily injury. Petitioner was

27   sentenced to a determinate term of twelve (12) years in prison.

28          Petitioner appealed the conviction. On February 27, 2014, the California Court of

1

Appeal, Fifth Appellate District affirmed the Judgment. (Mot. to Dismiss, Ex. A.) Petitioner then sought review from the California Supreme Court on April 8, 2014. (Lodged Doc. 1.) The California Supreme Court summarily denied review on May 14, 2014. (Lodged Doc. 2.)

Petitioner did not seek collateral relief by way of petitions for writ of habeas corpus filed in the California state courts.

On April 13, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court raising five claims for relief, listed as follows:

1)   Violation of the Confrontation Clause by presenting a taped 911 call of a non-testifying witness;

2)   Insufficient evidence to support the great bodily injury enhancement;

3)   Ineffective assistance of counsel based on erroneous jury instructions;

4)   Use of suggestive pre-trial identification techniques; and

5)   Use of illegally obtained evidence to impeach witnesses.

(Pet. at 3-11.)

On May 12, 2015, Respondent filed a motion to dismiss based on Petitioner's failure to exhaust all the claims presented in the petition. (Mot. To Dismiss, ECF No. 9.) Petitioner did not file an opposition.

**II.   DISCUSSION**

**A.   Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to

exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B.    Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

As stated above, Petitioner raises five claims for relief. Respondent contends that Petitioner failed to exhaust claims two through five in state court. Respondent notes that on direct appeal to the California Court of Appeal, Petitioner presented his confrontation clause and sufficiency of the evidence claims. (Mot., Ex. A.) However, Petitioner only sought a petition for review with the California Supreme Court for the confrontation clause claim. (Mot. to Dismiss, Exs. 1-2.) As Petitioner never presented claims two through five in the present petition to the California Supreme Court, Respondent asserts that the claims are not exhausted.

The Court agrees. Upon independent review, the Court concludes that Petitioner has not presented claims two through five to the California Supreme Court. Petitioner has presented a mixed petition containing both exhausted and unexhausted claims. Therefore, the Court may dismiss the petition without prejudice to give Petitioner an opportunity to exhaust the unexhausted claims. See Rose, 455 U.S. at 521-22; Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005). Before dismissal, "[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking their unexhausted claims." Jefferson, 419 F.3d at 1016.

Accordingly, the Court recommends that the petition be dismissed in its entirety unless Petitioner informs the Court within 30 days of the issuance of this order of his

4

1   intent to dismiss the unexhausted claims and proceed solely with claim one.

2   **III.   RECOMMENDATION**

3       Accordingly, it is hereby recommended that the Motion to Dismiss be granted.

4   Petitioner is ordered to inform the Court within thirty (30) days of the issuance of this

5   Findings and Recommendation whether he wishes to dismiss claims two through five of

6   the petition, and proceed with claim one. Otherwise, the Court recommends that the

7   petition be dismissed in its entirety without prejudice for failure to exhaust state

8   remedies.

9       Finally, the Court ORDERS the Clerk of Court to assign a District Court Judge to

10  the instant matter.

11      This Findings and Recommendation is submitted to the assigned District Judge,

12  pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after

13  being served with the Findings and Recommendation, any party may file written

14  objections with the Court and serve a copy on all parties.  Such a document should be

15  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply

16  to the objections shall be served and filed within fourteen (14) days after service of the

17  objections.  The parties are advised that failure to file objections within the specified time

18  may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d

19  834, 839 (9th Cir. 2014).

20

21  IT IS SO ORDERED.

22      Dated:   June 17, 2015                    /s/ _Michael J. Seng_

23                                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                    5