IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST EDWARD SMITH,**<br><br>Petitioner,<br><br>v.<br><br>**JOHN N. KATAVICH, Warden,**<br><br>Respondent. | Case No. 1:15-cv-00565 MJS (HC)<br><br>**ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS (Doc. 11)**<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION TO DISMISS WITHOUT PREJUDICE AND GRANT MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS (Docs. 9, 12)** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by William K. Kim, of the Office of the Attorney General for the State of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his May 30, 2012 conviction of two counts of assault with a firearm and possession of a firearm by a felon. (See, Mot. to Dismiss, Ex. A.) Several enhancements also were found true, including use of a firearm and infliction of great bodily injury. Petitioner was sentenced to a determinate term of twelve (12) years in prison.

Petitioner appealed the conviction. On February 27, 2014, the California Court of

Appeal, Fifth Appellate District affirmed the Judgment. (Mot. to Dismiss, Ex. A.) Petitioner then sought review from the California Supreme Court on April 8, 2014. (Lodged Doc. 1.) The California Supreme Court summarily denied review on May 14, 2014. (Lodged Doc. 2.)

Petitioner did not seek collateral relief by way of petitions for writ of habeas corpus filed in the California state courts.

On April 13, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court raising five claims for relief, listed as follows:

1) Violation of the Confrontation Clause by presenting a taped 911 call of a non-testifying witness;

2) Insufficient evidence to support the great bodily injury enhancement;

3) Ineffective assistance of counsel based on erroneous jury instructions;

4) Use of suggestive pre-trial identification techniques; and

5) Use of illegally obtained evidence to impeach witnesses.

(Pet. at 3-11.)

On May 12, 2015, Respondent filed a motion to dismiss based on Petitioner's failure to exhaust all the claims presented in the petition. (Mot. To Dismiss, ECF No. 9.) Petitioner did not file an opposition. On June 18, 2015, the Court issued findings and a recommendation that the motion be granted and the petition be dismissed unless Petitioner elected to proceed with claim 1, the only exhausted claim in the instant petition.

On June 24, 2015, Petitioner moved the Court to stay the petition while he seeks to exhaust his state court remedies with regard to his other claims. (Doc. 12.) For the reasons explained below, the Court recommends that Petitioner's motion to stay be granted.

I. **LEGAL STANDARD**

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy,

455 U.S. 509, 102 S.Ct. 1198, 71 L. Ed. 2d 379 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The Ninth Circuit has found that "'a motion to stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the unexhausted claims,'" and that Magistrate judge must present findings and recommendations to a District Court Judge, rather than rule on the motion. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166, 1173-74 (9th Cir. 2015).

**II.    ANALYSIS**

In response to this Court's recommendation that Respondent's motion to dismiss the petition be granted, Petitioner has requested to stay this case and hold it in abeyance to allow him to attempt to present his four unexhausted claims to the state courts. (See ECF No. 12.)

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), or Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted claims are potentially meritorious; and (3) no indication that the petitioner engaged in intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three

preconditions exist, the court should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the petitioner returns to state court to present his unexhausted claims.

Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L. Ed. 2d 669 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. at 416-17.

However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" that his counsel had raised all claims before the state court of appeal. Wooten, 540 F.3d at 1024. The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" Wooten, 540 F.3d at 1024.

Petitioner has presented no information why he could not have continued to proceed to exhaust his state claims before filing this petition. This Court is bound to find that he has not shown good cause for a stay under Rhines. However, the Kelly procedure, which has remained available even after the Supreme Court's ruling in Rhines, does not require a showing of good cause. King, 564 F.3d at 1140. The Court must still deny a request for a stay and abeyance under Kelly if the new claims are facially without merit and therefore cannot be added to the existing habeas petition after

they are exhausted in state court. King, 564 F.3d at 1141.

The Court finds that Petitioner's four unexhausted claims – insufficient evidence, ineffective assistance of counsel, that the identification procedure used was impermissibly suggestive and in violation of his due process rights, and presentation of unduly prejudicial evidence - present, at this stage, facially meritorious claims. Under the Kelly procedure, Petitioner should have the opportunity to file an amended petition that does not include unexhausted claims.[1] If he does so, the Court will impose a stay to allow him to exhaust the claims in state court. If he chooses not to amend his petition, the Court will deny his motion to stay and dismiss the petition without prejudice for failure to exhaust all claims, with leave to file an amended petition. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000). Petitioner is forewarned that such a dismissal may adversely affect the timeliness of the petition in relation to the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

As Petitioner may be able to exhaust his claim and subsequently add it to the petition through amendment, the Court will stay the proceedings under Kelly. The Court declines at this time to decide if the claim, once exhausted, can properly be added to the federal petition within AEDPA's one year limitation period. However, after Petitioner amends his petition to add any newly exhausted claims, Respondent will be given an opportunity to challenge the timeliness of the claims asserted in the amended petition.

## III. **ORDER AND RECOMMENDATION**

Based on the foregoing, the Court WITHDRAWS the Findings and Recommendation previously issued on June 18, 2015. (ECF No. 11) Further, it is HEREBY RECOMMENDED that the motion to dismiss the petition be DENIED without

---

[1] The Court admonishes Petitioner to familiarize himself with Local Rule 220, which governs the amendment of pleadings. If he chooses to file an amended complaint, the Court will examine it according to the same screening standards that applied to his original petition. In addition, Petitioner is informed that the Court cannot refer to a prior pleading in order to make Petitioner's amended petition complete. Local Rule 220 requires that an amended pleading be complete in itself, without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (As general rule, an amended complaint or petition supersedes the original.).

prejudice and the motion to stay the petition for writ of habeas corpus be GRANTED pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) and King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). (ECF Nos. 9, 12.)

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   September 22, 2015            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE