IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST EDWARD SMITH,**<br><br>Petitioner,<br><br>v.<br><br>**JOHN N. KATAVICH, Warden,**<br><br>Respondent. | 1:15-cv-00565 DAD MJS HC<br><br>**ORDER TO SHOW CAUSE AS TO WHY THE STAY SHOULD NOT BE VACATED** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his May 30, 2012 conviction of two counts of assault with a firearm and possession of a firearm by a felon. (See, Mot. to Dismiss, Ex. A.) Several enhancements also were found true, including use of a firearm and infliction of great bodily injury. Petitioner was sentenced to a determinate term of twelve (12) years in prison.

On April 13, 2015, Petitioner filed the instant petition for writ of habeas corpus in

1 this Court raising five claims for relief. (Pet. at 3-11.)

2 On May 12, 2015, Respondent filed a motion to dismiss based on Petitioner's failure to exhaust claims presented in the petition. (Mot. To Dismiss, ECF No. 9.) Petitioner did not file an opposition. On June 18, 2015, the Court issued findings and a recommendation that the motion be granted and the petition be dismissed unless Petitioner elected to proceed with claim 1, the only exhausted claim in the instant petition.

On June 24, 2015, Petitioner moved the Court to stay the petition while he sought to exhaust his state court remedies with regard to his other claims. (Doc. 12.) On February 2, 2016, the Court granted the stay, and required Petitioner to file a motion to lift the stay within thirty (30) days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claims.

Taking judicial notice of the May 11, 2016 denial of Petitioner's petition for habeas corpus filed with California Supreme Court as indicated on the California Supreme Court's website (See Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012)), the Court notes over thirty days have passed since the California Supreme Court ruling. The Court has not received a motion to lift the stay, and therefore issues the instant order to show cause regarding Petitioner's failure to prosecute the instant action.

As discussed by the Supreme Court, the stay and abeyance procedure is available only in limited circumstances because the procedure frustrates AEDPA's objective of encouraging finality and streamlining federal habeas proceedings. Rhines v. Weber, 544 U.S. 277 (2005).

> A mixed petition should not be stayed indefinitely... Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. See, e.g., Zarvela, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. See id., at 380-381.

2

Rhines, 544 U.S. at 277-78.

Here, Petitioner was ordered to file a motion to lift the stay within thirty days of the California Supreme Court ruling, but failed to do so. Petitioner is therefore ordered to show cause and explain why the stay should not be vacated.

**ORDER**

Accordingly, it is ORDERED that Petitioner file a response to the order to show cause within thirty (30) days of service of this order explaining why the stay should not be vacated.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated: July 1, 2016                          /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE