IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERNEST EDWARD SMITH,**<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>**JOHN N. KATAVICH, Warden,**<br><br>　　　　　Respondent. | 1:15-cv-00565 DAD MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO FOLLOW COURT ORDER**<br><br>[Doc. 16] |

　　　　Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On April 13, 2015, Petitioner filed a petition for writ of habeas corpus. The matter was stayed, and on July 5, 2016, the Court ordered Petitioner to show cause why the stay should not be vacated. (ECF No. 16.) Petitioner was ordered to respond to the order to show cause within thirty (30) days of the date of service.  Over thirty (30) days have passed, and Petitioner has not responded to the order to show cause.

　　　　In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

1

the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since April 13, 2015. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to respond to an order of the court. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the factors in favor of dismissal discussed herein. Finally, given Petitioner's failure to communicate with the Court despite an order requiring him to do so, no lesser sanction is feasible.

Petitioner has failed to prosecute the present matter by failing to follow a court order. Therefore, it is recommended that the petition must be dismissed.

**Recommendation**

Accordingly, it is RECOMMENDED that the petition be DISMISSED without prejudice for failure to prosecute.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 19, 2016            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE